UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SERGEY SADOVOI, Petitioner | ) | |
| v. | ) | Civil Action No. 07-101-S |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, Respondent | ) | |

MOTION TO DISMISS

Now comes the respondent, the United States of America, on behalf of its agency, the Bureau of Immigration and Customs Enforcement, by and through its attorneys, and moves to dismiss this action pursuant to Fed. R. Civ. P. Rule 12(b)(6) for the reason that the petitioner has failed to state a claim upon which relief may be granted as outlined in the attached memorandum of law.

Respectfully Submitted,

UNITED STATES OF AMERICA
Respondent

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2007, I electronically filed the within Motion to Dismiss and supporting memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System.

On the same date, I caused a copy of the foregoing Motion to Dismiss and supporting memorandum to be forwarded, by postage prepaid mail, to: Sergey Sadavoi, Pro Se, Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863.

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SERGEY SADOVOI, Petitioner | ) | |
| v. | ) | Civil Action No. 07-101-S |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, Respondent | ) | |

MEMORANDUM IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner seeks relief from his detention, complaining that he has been "incarcerated without a date to be deported or a date for any other judicial procedure." Petition, p.1.

However, the petitioner's recent detention pending execution of his final order of removal has been only since February 21, 2007, well within the presumptively lawful six-month detention limit allowed by the Supreme Court in Zadvydas v. Davis, et al., 121 S. Ct. 2491, 2505 (2001) (recognizing six months as a presumptively reasonable period of post-final order detention within which to allow the government to accomplish an alien's removal). See Attachment A, Declaration of Deportation Officer Linda Trinks.

Because the petitioner has been detained less than two months pending execution of his removal order, the petitioner's detention remains lawful.

Accordingly, the petitioner has failed to state any claim of unlawful detention upon which relief may be granted.

## ARGUMENT

THE PETITIONER IS LAWFULLY DETAINED BY THE RESPONDENT PENDING EXECUTION OF HIS ORDER OF REMOVAL

The petitioner raises no challenge to his final administrative order of removal,[1] but instead complains to the Court that he has been "incarcerated without a date to be deported or a date for any other judicial procedure." Petition, p.1.

The Supreme Court in Zadvydas v. Davis, et al., 121 S. Ct. 2491 (2001), recognized six months as a presumptively reasonable period of post-final order detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to

[1] Nor could he in the district court, after enactment of the REAL ID Act of 2005. Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) ("The plain language of these [REAL ID Act] amendments, in effect, strips the district court of habeas jurisdiction over final orders of removal, including orders issued prior to enactment of the Real ID Act. . . . Congress has now definitively eliminated any provision for [habeas] jurisdiction.").

> remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), aff'd 341 F.3d 853 (9th Cir. 2003), even where post-order detention had exceeded six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in Zadvydas which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

Lema v. USINS, 214 F.Supp.2d at 1118.

In the instant case, the petitioner has not been detained pending execution of his removal order for over six months, and in fact has been so detained only since February 21, 2007. Therefore he remains lawfully detained pending continuing efforts to execute his removal order.

Accordingly, the within petition should be dismissed for failure to state a claim upon which relief may be granted.

**CONCLUSION**

Since the petitioner has failed to state any claim of unlawful detention, the within action should be dismissed and all other requested relief denied.

Respectfully submitted,

UNITED STATES OF AMERICA
Respondent

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov