UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SERGEY SADOVOI, Petitioner, | : | |
| v. | : | CA 07-101 S |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, Respondent. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Sergey Sadovoi ("Petitioner"). See Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody[1] (Document ("Doc.") #1) ("Petition"). Petitioner was a prisoner at the Wyatt Detention Facility at the time the Petition was filed.[2] See id. The United States of America (the "Government") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6)[3] on

[1] On March 21, 2007, the Court received a document from Petitioner Sergey Sadovoi ("Petitioner"), see Docket, which it treated as a "Petition under 28 USC § 2241 for Writ of Habeas Corpus by a Person in Federal Custody," Order of 3/22/07 (Document ("Doc.") #2).

[2] Petitioner has since been released from federal custody. See Supplemental Affidavit of Deportation Officer Linda Trinks (Doc. #11) ("Trinks Supp. Aff.") ¶ 9.

[3] Rule 12(b) provides, in relevant part, that:

> Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> ....
>
> (6) failure to state a claim upon which relief can be granted ....

behalf of Respondent Bureau of Immigration and Customs Enforcement ("ICE"). See Motion to Dismiss (Doc. #6) ("First Motion to Dismiss"). Subsequently, the Government filed another motion to dismiss based on its belief that Petitioner's claims are moot. See Motion to Dismiss (Doc. #10) ("Second Motion to Dismiss").

The motions have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was conducted on June 7, 2007. For the reasons stated herein, I recommend that the Petition be dismissed.

**Facts and Travel**

According to Petitioner, he came to the United States on a legal visa. See Petition. He subsequently applied for asylum but could not attend his asylum hearing and was, therefore, "ordered deported [o]n April 17, 2001." Id. Petitioner was detained for a period of twenty-one months, from July 4, 2001, to April 4, 2003, pending deportation. See id. Petitioner states that he was released on $3,000.00 bail due to the fact that Russia would not take a deportee. See id.; see also Memorandum in Support of Respondent's [First] Motion to Dismiss ("Respondent's Mem."), Attachment ("Att.") A (Declaration of Deportation Officer Linda Trinks) ("Trinks Decl.") ¶ 6 (noting that Petitioner previously had been released upon an order of supervision and $3,000 bond); Supplemental Affidavit of Deportation Officer Linda Trinks (Doc. #11) ("Trinks Supp. Aff.") ¶ 6 (noting that Petitioner was released from ICE custody on bond because ICE had been unable to obtain travel documents from Russia).

Sometime thereafter, Petitioner was arrested in West

---

Fed. R. Civ. P. 12(b).

Springfield, Massachusetts. See Petition; see also Trinks Decl. ¶ 6 (stating that ICE received information on March 13, 2006, that Petitioner had been arrested for "assault with a firearm with intent to rob and threatened murder"); Trinks Supp. Aff. ¶ 3 (same). Petitioner states that he was to be released on bail, but ICE "lodged a detention order on [him] the same date [he] was arrested." Petition; see also Trinks Decl. ¶ 6; Trinks Supp. Aff. ¶ 3. Petitioner came into ICE custody on February 21, 2007. See Trinks Decl. ¶ 6; Trinks Supp. Aff. ¶ 5.

Petitioner filed the instant Petition on March 21, 2007. See Docket. He also requested the appointment of counsel. See Petition. The Court deferred ruling on the request and directed Petitioner to submit a financial affidavit. See Order of 4/3/07 (Doc. #3). The Court noted that the Government had been ordered to file a response to the Petition, see id.; see also Order of 3/22/07 (Doc. #2), and stated that it would rule on Petitioner's request for the appointment of counsel after it had received Petitioner's completed financial affidavit and the Government's response to the Petition, see Order of 4/3/07.

The Government's First Motion to Dismiss was filed on April 11, 2007. See Docket. Thereafter, the Court denied without prejudice Petitioner's request for the appointment of counsel, "[i]n light of the information contained in the Memorandum in Support of Respondent's Motion to Dismiss ...," Order Denying without Prejudice Request for Appointment of Counsel, "especially that '[P]etitioner's recent detention pending execution of his final order of removal has been only since February 21, 2007, well within the presumptively lawful six-month detention limit allowed by the Supreme Court in Zadvydas v. Davis, et al., 121 S.Ct. 2491, 2505 (2001)(recognizing six months as a presumptively reasonable period of post-final order detention within which to allow the government to accomplish an alien's removal),'" id.

(quoting Respondent's Mem. at 1)(alteration in original).

The Court issued a Notice and Order on May 14, 2007, scheduling a hearing on the Motion, requesting supplemental filings from the parties, and notifying the parties that the First Motion to Dismiss would be treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b)[4] because matters outside the pleadings would be considered. See Notice and Order of 5/14/07 (Doc. #8) at 1-2. On May 22, 2007, pursuant to a previously scheduled post-order custody review, Petitioner was released from ICE custody. See Trinks Supp. Aff. ¶¶ 8-9. The Government filed the Second Motion to Dismiss on May 23, 2007, see Docket, and the Trinks Supp. Aff. on May 29, 2007, see id.

A hearing was conducted on June 7, 2007. See Docket. Petitioner did not appear, although he had been notified of the hearing by the Notice and Order of 5/14/07. See Tape of 6/7/07 hearing. The Court heard argument from the Government and thereafter took the matter under advisement.

**Summary Judgment Standard**

"Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Commercial Union

---

[4] Federal Rule of Civil Procedure 12(b) states that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

Ins. Co. V. Pesante, 459 F.3d 34, 37 (1st Cir. 2006)(quoting Fed. R. Civ. P. 56(c)); accord Kearney v. Town of Wareham, 316 F.3d 18, 21 (1st Cir. 2002). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)(quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)).

In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)(citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). "[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." Coyne v. Taber Partners I, 53 F.3d 454, 460 (1st Cir. 1995). Furthermore, "[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." Gannon v. Narragansett Elec. Co., 777 F. Supp. 167, 169 (D.R.I. 1991)(citation and internal quotation marks omitted).

The non-moving party, however, may not rest merely upon the allegations or denials in its pleading, but must set forth specific facts showing that a genuine issue of material fact exists as to each issue upon which it would bear the ultimate burden of proof at trial. See Santiago-Ramos v. Centennial P.R.

Wireless Corp., 217 F.3d at 53 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[T]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002)(quoting LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993))(alteration in original)(internal quotation marks omitted).

**Discussion**

Petitioner filed the instant action because he had "been incarcerated without a date to be deported or a date for any other judicial procedure." Petition. The Government argued in its First Motion to Dismiss that "[b]ecause the [P]etitioner has been detained less than two months pending execution of his removal order, the [P]etitioner's detention remains lawful." Respondent's Mem. at 1. In its Second Motion to Dismiss, the Government now states that the Petition is moot because Petitioner has been released. See Second Motion to Dismiss at 2. Although it is possible that Petitioner did not receive the Second Motion to Dismiss since it was filed after he was released from custody, he was given an opportunity to file a supplemental response and/or counter-affidavit prior to the June 7, 2007, hearing, see Notice and Order of 5/14/07 at 2. He did not do so, nor did he attend the hearing despite having received notice thereof, see id.

Based on the foregoing, the Court concludes that the Petition should be dismissed as moot because Petitioner has received the relief he was seeking through the Petition, namely release from incarceration. I so recommend. I also recommend that the First Motion to Dismiss be ruled moot and that the Second Motion to Dismiss be granted.

**Conclusion**

For the reasons stated herein, I recommend that the Petition be dismissed as moot, that the First Motion to Dismiss be ruled moot, and that the Second Motion to Dismiss be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[5] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 28, 2007

[5] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).